**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICENTE CASTANEDA MEDINA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　Respondent. | No. 19-72026<br><br>Agency No. A201-125-327<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2021
Seattle, Washington

Before: HAWKINS, CHRISTEN, and LEE, Circuit Judges.

Vicente Castaneda Medina, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("Board"). After an

immigration judge ("IJ") entered an in-absentia removal order against Medina, he

filed a pro se notice of appeal with the Board arguing that he missed his asylum

hearing because of a medical emergency, which required him to be hospitalized

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

overnight at the UCLA Medical Center on the date of his scheduled hearing. The Board issued a decision stating that it was precluded from reviewing the in-absentia removal order under 8 U.S.C. § 1229a(b)(5)(C). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

1.      As a threshold matter, the text of 8 U.S.C. § 1229a(b)(5)(C) indicates that the only way to rescind an in-absentia removal order is to file a motion to reopen (either based on exceptional circumstances, detention, or lack of notice) with the IJ, not the Board. Section 1229a(b)(5)(C), in describing the time limits and other procedures for rescinding an in-absentia removal order, specifies that removal shall be stayed "pending disposition of the motion by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C). This phrase indicates that IJs are supposed to handle motions to rescind in the first instance. Thus, Castaneda Medina filed his challenge to the IJ's in-absentia removal order in the wrong forum.

2.      We reject the government's argument on appeal that the Board was jurisdictionally barred from fixing Castaneda Medina's filing error. To be clear, there is no dispute that the Board lacks jurisdiction to hear a direct appeal from an in-absentia removal order. *See* 8 C.F.R. § 1240.15. But this case is not about a direct appeal; rather, it is about a wrongly filed motion to reopen. While we acknowledge that Castaneda Medina technically wrote down his challenge in a "Notice of Appeal" form, it is clear from the contents of his pro se filing that he was seeking to rescind

2

the in-absentia removal order based on exceptional circumstances.[1]  Indeed, the Board itself did not construe Castaneda Medina's filing as a direct appeal.  If it did, then it would have dismissed the case outright, as it must do when it truly lacks jurisdiction over an appeal.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (cleaned up)).  Instead, the Board only stated that it was "precluded" from deciding the case and that the "record will be returned" to the IJ "without further Board action . . . ."  Because the Board itself did not treat the place-of-filing rule as a true jurisdictional bar, we, too, decline to read jurisdictional consequences into Castaneda Medina's claims-processing error.

For these reasons, we grant the petition for review and remand this case to the Board.  On remand, the Board should transfer the case back to the IJ with instructions to: (1) construe Castaneda Medina's pro se filing as a motion to rescind an in-absentia removal order under 8 U.S.C. § 1229a(b)(5)(C); and (2) issue a ruling on that motion.  This is consistent with how the Board has handled wrongly filed motions to reopen in the past.  *See Matter of W- F-*, 21 I. & N. Dec. 503, 505 (BIA

---

[1]  "Exceptional circumstances" as defined in Section 1229a refers to "exceptional circumstances (such as . . . serious illness of the alien . . . but not including less compelling circumstances) beyond the control of the alien."  8 U.S.C. § 1229a(e)(1).

1996). This panel retains jurisdiction over this case if further appellate review is necessary.

**PETITION FOR REVIEW GRANTED.**