**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2220
_____

JORGE ALBERTO ROMERO CASTILLO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A200-885-432
Immigration Judge: David Cheng
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
March 3, 2022

Before:   McKEE, AMBRO, and SMITH, *Circuit Judges.*

(Filed September 20, 2022)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Jorge Romero-Castillo petitions for review of the decision of the Board of Immigration Appeals affirming the Immigration Judge's entry of an absentia removal order after he failed to appear for a hearing. We will grant the petition in part, deny it in part, and remand to the BIA for further proceedings consistent with this opinion.

## I.

Romero-Castillo appeared in immigration court for removal hearings at least three times between 2011 and 2014.[1] A hearing scheduled in October 2017 was continued because his then-attorney had a family emergency.[2] Romero-Castillo understood that his attorney would advise him of the new date for the next hearing.[3]

Around this time Romero-Castillo and his wife experienced a period of homelessness.[4] Unable to pay rent, he and his wife were evicted from their apartment and lost all of their possessions.[5] Unable to pay their bills, their mobile phones were also disconnected.[6] For more than two months, the couple either lived in their car or stayed with a friend.[7] Eventually, Romero-Castillo secured a temporary place to stay.[8] When Romero-Castillo next called his attorney he discovered he had missed a rescheduled

---

[1] AR 95, 321–29.
[2] AR 171.
[3] AR 95.
[4] AR 99.
[5] AR 99.
[6] AR 99.
[7] AR 100.
[8] AR 100.

hearing in front of an IJ on January 18, 2018, and because of his failure to appear had been ordered removed to Mexico in absentia.[9]

Romero-Castillo filed a motion to reopen removal proceedings through new counsel on July 11, 2018.[10] The IJ denied his motion finding that because "no information ha[d] been provided as why he would be unable to contact his prior counsel[,]" and thus Romero-Castillo had not established exceptional circumstances to warrant reopening.[11] The BIA dismissed his appeal of that order, and this petition for review followed.[12]

## II.[13]

At the outset, we disagree with Romero-Castillo's jurisdictional challenge to the proceedings before the IJ[14] based upon the Supreme Court's decisions in *Pereira v. Sessions*[15] and *Niz-Chavez v. Garland.*[16] We have previously rejected this argument in

---

[9] *See* **AR 100.** "Any alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding . . . shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . ." 8 U.S.C. § 1229a(b)(5)(A).
[10] **AR 94–101.**
[11] AR 9.
[12] **AR 2, 6–7.**
[13] This Court's jurisdiction is governed by 8 U.S.C. § 1252, which confers exclusive jurisdiction on the courts of appeals to review final orders of removal.
[14] We review the BIA's legal determinations de novo. *See Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006).
[15] --- U.S. ----, 138 S. Ct. 2105 (2018).
[16] --- U.S. ----, 141 S. Ct. 1474 (2021).

3

*Nkomo v. Attorney General*[17] and *Chavez-Chilel v. Attorney General*.[18] Those decisions are binding on us.

However, on this record, it is not clear that the totality of Romero-Castillo's circumstances was fully and adequately considered in concluding that he had not shown that exceptional circumstances excused his failure to appear.[19] Under 8 U.S.C. § 1229a(b)(5)(C)(i), an order of removal in absentia may be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances[,]" i.e., circumstances beyond the noncitizen's control.[20] To make such a showing, the noncitizen must establish a severe impediment justifying their nonappearance.[21]

"[W]e review the denial of a motion to reopen for abuse of discretion."[22] "Discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law."[23] Here, because the BIA primarily deferred to the IJ's analysis, we review both the BIA's decision and the IJ's opinion.[24]

The IJ dismissed Romero-Castillo's motion to reopen with the single sentence quoted above. The BIA's decision is only marginally better, acknowledging "the alleged

---

[17] 930 F.3d 129, 131 (3d Cir. 2019).
[18] 20 F.4th 138, 143–44 (3d Cir. 2021).
[19] *See Matter of W-F-*, 21 I. & N. Dec. 503, 509 (BIA 1996) ("[O]ne must look to the 'totality of circumstances' to resolve th[e] issue of exceptional circumstances.").
[20] *See* 8 U.S.C. § 1229a(e)(1).
[21] *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021).
[22] *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).
[23] *Tipu v. I.N.S.*, 20 F.3d 580, 582 (3d Cir. 1994) (quotation marks omitted).
[24] *See Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001) ("When the BIA defers to an IJ, a reviewing court must, as a matter of logic, review the IJ's decision to assess whether the BIA's decision to defer was appropriate.").

hardship [Romero-Castillo] faced while homeless" before likewise concluding there was insufficient evidence that he was unable to contact his attorney.[25] Moreover, its simple statement that the IJ "considered the totality of circumstances"[26] is belied by the IJ's inadequate explanation. We will not assume that the IJ—or the BIA—fully considered the record where the record itself lacks the kind of serious and individualized explanation that is necessary to support the very serious and consequential step of removing someone from this country.[27]

The establishment of exceptional circumstances cannot be myopically restricted to a noncitizen's ability or inability to contact his/her attorney absent consideration of the totality of circumstances the noncitizen may have been laboring under that may explain the dereliction. Instead, the record should reflect consideration of whether the noncitizen undertook reasonable efforts to have his/her case heard promptly and the extent to which circumstances beyond their control interfered with any such efforts.[28] In addition to considering the severity of any impediment to appear, other relevant factors may include the "promptness in filing the motion to reopen,"[29] whether the noncitizen "had a motive

---

[25] AR 6.
[26] *Id.*
[27] *See Padilla v. Kentucky*, 559 U.S. 356, 360 (2010) (referring to deportation as a "harsh consequence"); *Jordan v. De George*, 341 U.S. 223, 231 (1951) (noting the "grave nature of deportation"); *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948) (characterizing deportation as "a drastic measure and at times the equivalent of banishment of exile").
[28] *See Hernandez-Galand*, 996 F.3d at 1034.
[29] *Kaweesa v. Gonzales*, 450 F.3d 62, 68 (1st Cir. 2006).

for failing to appear,"[30] and whether the resulting removal order would be unconscionable.[31] This list of factors is not exhaustive, nor will it apply in each case.

If we are to perform our appellate function of meaningful review of the decisions of the immigration court, "we must have some insight into its reasoning."[32] It does not appear that the IJ or BIA bothered to consider the fact that Romero-Castillo had his phone disconnected, lost his personal property, endured homelessness and had to devote his time to "desperately looking for a place to live with no money."[33] We appreciate, of course, that we do not require the BIA "to write an exegesis on every contention,"[34] and recognize the burden imposed by the extraordinary caseload of immigration judges and the BIA. However, such logistics cannot excuse the obligation of the IJ or BIA to give serious and individualized attention to the circumstances of the individuals who come before those agencies expecting that their cases will be fairly and carefully considered and that their circumstances will be fairly evaluated.

## III.

For the reasons set forth above, we will deny Romero-Castillo's petition for review insofar as it challenges the jurisdiction of the Immigration Judge. However, we will grant his petition for review as to his motion to reopen his removal hearing and remand to the BIA for further proceedings consistent with this opinion.

---

[30] *Hernandez-Galand*, 996 F.3d at 1035.
[31] *Id.*
[32] *See Awolesi v. Ashcroft*, 341 F.3d 227, 232 (3d Cir. 2003).
[33] AR 99–100.
[34] *Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 283 (3d Cir. 2012) (quotation marks omitted).