20-2752
*Bangoyi Moutsinga v. Garland*

BIA
Montante, IJ
A209-150-723

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-three.

PRESENT:
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> **STEVEN J. MENASHI,**
> > *Circuit Judges.*

_____

**Lara Marlene Bangoyi Moutsinga,**

> *Petitioner*,

> v.                                                        **20-2752**

**Merrick Garland, United States Attorney General,**

> *Respondent.*\*

_____

FOR PETITIONER:                    Robert F. Graziano, Law office of Robert
                                   F. Graziano, Buffalo, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR RESPONDENT: Brian M. Boynton, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel, Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Lara Marlene Bangoyi Moutsinga, a native and citizen of Gabon, seeks review of a July 27, 2020 decision of the BIA affirming a February 11, 2019 decision of an Immigration Judge ("IJ") denying her motion to reopen removal proceedings. *In re Lara Marlene Bangoyi Moutsinga,* No. A209-150-723 (B.I.A. July 27, 2020), *aff'g* No. A209-150-723 (Immigr. Ct. Feb. 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 293 (2d Cir. 2006). In the present posture, we review only the denial of Petitioner's motion to reopen, not the merits of the underlying removal proceedings. *Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Melnitsenko v. Mukasey*, 517 F.3d 42, 49 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary and capricious manner." *Kaur v. B.I.A.*, 413 F.3d 232, 233-34 (2d Cir. 2005).

2

The Immigration and Nationalization Act provides that an asylum applicant who fails to appear at her hearing "shall be ordered removed in abstentia." 8 U.S.C. § 1229a(b)(5)(A). As long as the applicant received proper notice of the hearing, such a removal order may be rescinded only if the applicant shows "exceptional circumstances"—a defined term referring to "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1); *id.* § 1229a(b)(5)(C).[1]

Petitioner has not identified any exceptional circumstances within the meaning of § 1299a(e)(1). She received notice of her removal hearing but was "confused" and "assumed it was a mistake" because she believed she had already filed an appeal to this Court. Petr's Br. at 8-9. Although her confusion may have been reasonable, it does not rise to the level of exceptional circumstances that support a motion to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 358 (2d Cir. 2006). Petitioner made no showing that her failure to appear was "beyond her control," as the statute requires. 8 U.S.C. § 1229a(e)(1); *see also In Re B-A-S-*, 22 I. & N. Dec. 57, 58-59 (BIA 1998) (concluding that it undermined an applicant's claim to relief that he had not attempted to contact the Immigration Court regarding alleged extraordinary circumstances that prevented him from attending his hearing).[2] Indeed, Petitioner frankly admitted it was a "mistake" on her part rather than external circumstances. Petr's Br. at 8.

---

[1] Petitioner's case is governed by these provisions even though she asks for reopening instead of rescission. *Matter of W-F-*, 21 I. & N. Dec. 503 (B.I.A. 1996).

[2] Nor does the statute include a "manifest injustice" exception. *See Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 56-57 (2d Cir. 2022).

\* \* \*

We have considered all of Petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court