# In re A-A-, Respondent

*Decided July 16, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A claim of ineffective assistance of counsel does not constitute an exception to the 180-day statutory limit for the filing of a motion to reopen to rescind an in absentia order of deportation under section 242B(c)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3)(A) (1994), on the basis of exceptional circumstances.

Socheat Chea, Esquire, Atlanta Georgia, for the respondent

Keith E. Hunsucker, Assistant District Counsel, for the Immigration and Naturalization Service

Before:    Board En Banc: VACCA, HEILMAN, HOLMES, HURWITZ, FILPPU, COLE, MATHON, JONES, and GRANT, Board Members. Concurring and Dissenting Opinions: ROSENBERG, Board Member; GUENDELSBERGER, Board Member. Dissenting Opinions: SCHMIDT, Chairman; VILLAGELIU, Board Member.

MATHON, Board Member:

In a decision dated February 21, 1995, an Immigration Judge ordered the respondent deported in absentia after he failed to appear for a scheduled deportation hearing. On April 13, 1995, the Immigration Judge denied a motion to reopen to rescind the outstanding deportation order. The Board affirmed the Immigration Judge's decision on March 7, 1996. The respondent filed this motion to reopen with the Board on February 21, 1997. The motion will be denied.

## I. PROCEDURAL HISTORY

The respondent is a 34-year-old native and citizen of Burkina-Faso. He entered the United States on October 30, 1991, as an alien in transit with authorization to remain in the country until October 31, 1991. On July 26, 1994, the Immigration and Naturalization Service served the respondent with an Order to Show Cause and Notice of Hearing (Form I-221), charg-

ing him with being deportable from the United States under section 241(a)(1)(B) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a)(1)(B) (1994), as an alien who remained in the United States for a time longer than permitted.

By means of a Notice of Entry of Appearance as Attorney (Form EOIR-28) dated August 13, 1994, an attorney notified the Immigration Court of his intent to represent the respondent in deportation proceedings. In a letter dated November 16, 1994, the respondent was notified that he was scheduled to appear before an Immigration Judge on February 21, 1995, at an Immigration Court in Atlanta, Georgia. The letter was mailed to the respondent's attorney of record on November 16, 1994. An individual at the respondent's attorney's office signed for the notice on November 21, 1994.

Neither the respondent nor his attorney of record appeared for the scheduled deportation hearing. The Immigration Judge conducted the proceedings in absentia and, in a decision dated February 21, 1995, ordered the respondent deported pursuant to section 242B(c)(1) of the Act, 8 U.S.C. § 1252b(c)(1) (1994). The respondent claims that he was not informed by his attorney of record of the scheduled deportation hearing until he received the subsequent deportation order.

On April 7, 1995, the respondent, who continued to be represented by his former attorney, filed a motion to reopen to rescind the outstanding deportation order. *See* section 242B(c)(3) of the Act. The respondent asserted that he did not receive notice of the February 21, 1995, hearing. On April 13, 1995, the Immigration Judge denied the motion. He concluded that no substantial grounds had been advanced to warrant rescission of the outstanding order. The respondent appealed the Immigration Judge's decision to the Board on May 22, 1995. On March 7, 1996, we dismissed the appeal, concluding that the respondent received proper notice of the February 21, 1995, hearing in that it was sent to and received by the respondent's attorney of record. *See* section 242B(a)(2) of the Act; 8 C.F.R. § 292.5(a) (1995).

On February 21, 1997, the respondent, represented by new counsel, filed a motion to reopen with the Board and requested a stay of deportation.[1] The motion seeks to reopen the proceedings to rescind the outstanding deportation order pursuant to section 242B(c)(3)(A) of the Act. In particular, the respondent argues that he failed to attend the scheduled February 21, 1995, deportation hearing on account of an exceptional circumstance, namely the ineffective assistance of his counsel. The evidence of record indicates that on February 11, 1997, the respondent filed a grievance against his former attorney with the State Bar of Georgia.[2] In addition, he has sub-

---

[1] The Board granted the respondent's stay request on November 4, 1997.

[2] In a letter dated May 23, 1997, the State Bar of Georgia informed the respondent that his former attorney's conduct did not fall within its jurisdiction and that it contemplated no further action in the matter.

mitted an affidavit in support of the motion and informed his former attorney of the claim of ineffective assistance of counsel.

The respondent argues that he merits reopening of the proceedings on account of exceptional circumstances, notwithstanding the fact that the motion was filed 721 days after the Immigration Judge's issuance of the deportation order pursuant to section 242B of the Act. He concedes that there is a time limit, 180 days after the Immigration Judge's order, for the filing of motions to reopen under section 242B(c)(3)(A) of the Act, and he acknowledges that his motion filed on February 21, 1997, does not meet the statutory time limit. However, he contends that the time bar should not apply in this case, given that the failure to timely file was due to the ineffective assistance of his former counsel.

## II. ISSUE PRESENTED

The issue before the Board is whether a claim of ineffective assistance of counsel constitutes an exception to the 180-day time limit under section 242B(c)(3)(A) of the Act.

## III. APPLICABLE LAW

Section 242B(c)(3) of the Act provides for the rescission of a deportation order entered in absentia under section 242B(c)(1) as follows:

> RESCISSION OF ORDER.—Such an order may be rescinded only—
> (A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2)), or
>
> (B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien.

Section 242B(c)(3) of the Act (emphasis added).

The use of the term "only" makes this the exclusive method for rescinding an in absentia deportation order entered pursuant to section 242B(c) of the Act. *See Matter of Gonzalez-Lopez,* 20 I&N Dec. 644, 646 (BIA 1993).

## IV. ANALYSIS

Section 242B(c)(3)(A) of the Act expressly requires that a motion to

reopen to rescind an in absentia deportation order based on exceptional circumstances be filed within 180 days of the order. The record in this case reflects that the order of deportation was entered on February 21, 1995. The respondent did not file his current motion until February 21, 1997, well beyond the 180 days allotted by the statute. Therefore, we find that the respondent is statutorily barred from rescinding the deportation order under section 242B(c)(3)(A).[3]

The respondent concedes that the time limit for filing a motion to reopen based upon exceptional circumstances has elapsed. However, he essentially urges us to create an exception to the 180-day rule where the failure to timely file a motion to reopen is due to the ineffective assistance of counsel and where the requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988), have been satisfied. We decline to do so.

It is well settled that the language of the statute is the starting point of statutory construction. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987). The plain meaning of the words used in the statute as a whole has been held to be the paramount index of congressional intent. *Id.* at 431; *Matter of W-F-,* 21 I&N Dec. 503, at 507 (BIA 1996). Moreover, it is assumed that the legislative purpose is expressed by the ordinary meaning of the words used. *INS v. Phinpathya*, 464 U.S. 183, 189 (1984); *see also Matter of Shaar*, Interim Decision 3290 (BIA 1996), *aff'd, Shaar v. INS,* 141 F.3d 953 (9th Cir. 1998),

The language of section 242B(c)(3)(A) of the Act regarding the time limit within which a motion to reopen must be filed is clear on its face and unambiguous. It provides that an in absentia deportation order entered pursuant to section 242B(c) may be rescinded "*only upon a motion to reopen filed within 180 days* after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances." Section 242B(c)(3)(A) of the Act (emphasis added). The statute contains no exceptions to this time bar. Where the statutory language is clear, "that is the end of the matter" and we "must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984); *see also Matter of W-F-, supra,* at 506-507. Accordingly, we are bound to uphold and apply the plain meaning of the statute as written. Had Congress intended to provide for an exception to the 180-day time limit based on the ineffective assistance of counsel, it could have done so.

---

[3]The issue of timeliness of the motion to reopen is governed by section 242B of the Act and not by the general regulations regarding motions found at 8 C.F.R. §§ 3.2, 3.23, and 242.22 (1997). Accordingly, we need not determine whether the motion was timely filed pursuant to the regulations at 8 C.F.R. § 3.2.

This conclusion is consistent with the overall statutory scheme of section 242B of the Act. Section 242B was added to the Act by section 545(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5061-65 (enacted Nov. 29, 1990). *See generally Matter of Gonzalez-Lopez, supra.* It was enacted to provide stricter and more comprehensive deportation procedures, particularly for in absentia hearings, to ensure that proceedings are brought to a conclusion with meaningful consequences. *See Matter of Grijalva*, 21 I&N Dec. 27, at 31 (BIA 1995); *Matter of Villalba*, 21 I&N Dec. 842, at 845 n.2 (BIA 1997); 136 Cong. Rec. S17,109 (daily ed. Oct. 26, 1990); 136 Cong. Rec. H8630 (daily ed. Oct. 2, 1990). The 180-day time limit reflects congressional intent to bring finality to in absentia deportation proceedings.

Therefore, given that the statute is explicit in its requirement that such a motion to reopen based on exceptional circumstances must be filed within 180 days of the in absentia order, and considering the legislative history of section 242B of the Act, we conclude that a claim of ineffective assistance of counsel is not an exception to the 180-day time limit imposed by section 242B(c)(3)(A) of the Act.[4] Notwithstanding the respondent's apparent compliance with the requirements of *Matter of Lozada, supra*, the motion will be denied.

## V. CONCLUSION

Accordingly, we find the respondent is statutorily barred from rescinding the order of deportation based on "exceptional circumstances" pursuant to section 242B(c)(3)(A) of the Act, regardless of whether he can demonstrate that his failure to timely file the motion is attributable to the ineffective assistance of his counsel.

**ORDER:** The respondent's motion to reopen is denied.

**FURTHER ORDER:** The Board's grant of a stay of deportation pending adjudication of the motion is vacated.

Vice Chairman Mary Maguire Dunne and Board Member Lori L. Scialabba did not participate in the decision in this case.

*CONCURRING AND DISSENTING OPINION:* Lory D. Rosenberg, Board Member

---

[4]We note that there is no statutory time limit for a motion to reopen to rescind an in absentia deportation order based on a claim that the alien did not receive proper notice of the scheduled hearing. *See* section 242B(c)(3)(B) of the Act.

I concur in part and dissent in part.

Our obligation to enforce the terms of section 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b (1994), does not require us to enforce section 242B and its subsections narrowly and restrictively, and it does not preclude us from enforcing section 242B in its entirety, and consistently with the United States Constitution, guided by fairness and compassion. As I indicated in *Matter of Lei*, 22 I&N Dec. 113 (BIA 1998), I agree with the majority that we are bound to uphold the statute as written. I cannot agree, however, that the majority opinion interprets section 242B in a manner that can be viewed as true to the terms of the statute, consonant with constitutional due process protections, or consistent with agency precedent and authority.

The respondent in this case is an individual who was represented by an attorney in deportation proceedings before the Immigration Judge. Under these circumstances, written notice was given by certified mail to the respondent's attorney. *See* section 242B(a)(2) of the Act. The written notice was sent by the Immigration Court only to his attorney, and was not sent by either the Immigration Court or the respondent's attorney to the respondent.

When neither the respondent nor his attorney appeared before the Immigration Judge on the date and at the time stated in the notice, the Immigration Judge conducted a deportation hearing in absentia. Apparently the Immigration Judge concluded that the respondent had been provided notice of the hearing as required by section 242B(a)(2) and found that the Immigration and Naturalization Service had met its burden of proof under section 242B(c)(1) of the Act.

The respondent, however, did not *receive* notice as required by section 242B(c)(3)(B). The verb used in section 242B(a)(2) — to "give" — and the verb used in section 242B(c)(3)(B) of the Act — to "receive" — are distinct. *See also* section 242B(a)(1) of the Act (using the verb to "give"), Similarly, the verb used in section 242B(c)(1) — to "provide" — is different from the verb to "receive" as used in section 242B(c)(3)(B).

Although section 242B(c)(1) of the Act states in relevant part that an alien who does not attend a proceeding "*after written notice required under subsection (a)(2) has been provided to the alien or the alien's counsel of record*" shall be ordered deported in absentia "if the Service establishes by clear, unequivocal, and convincing evidence *that the written notice was so provided*," section 242B(c)(3)(B) states that an in absentia order may be rescinded, "at any time if the alien demonstrates *that the alien did not receive notice* in accordance with subsection (a)(2)." (Emphasis added.) Thus, according to section 242B(c)(3)(B), notice that was "provided" to the respondent's attorney but not to the respondent (that otherwise might satisfy the requirements of section 242B(a)(2) for purposes of showing that notice was "given"), does not preclude rescission and reopening when, as here, the respondent did not *receive* notice. *See* section 242B(c)(3)(B) of the

145

Act; *compare* section 242B(a)(2) of the Act *with* section 242B(c)(1).

Represented by the same counsel, he filed an initial motion, within 2 months of issuance of the in absentia order of deportation by the Immigration Judge, in which he contended that he never received notice of the hearing. See section 242B(c)(3)(B) of the Act, which imposes no time limit on motions to reopen filed on the basis of lack of notice or improper notice. When that motion was denied by the Immigration Judge, despite the statutory language of section 242B(c)(3)(B), the respondent appealed to the Board. Although the respondent appears to have been represented by former counsel throughout at least the first 180 days following issuance of the in absentia deportation order, no motion to reopen claiming exceptional circumstances was filed by former counsel under section 242B(c)(3)(A). When the Board denied the respondent's appeal from the original motion to reopen 10 months later, the statutory deadline had long passed.

Several months after that, represented by new counsel, the respondent filed a new motion, claiming that ineffective assistance of his former counsel constituted exceptional circumstances for his failure to appear at the deportation hearing. The essence of his claim of ineffective assistance is that he was never notified of the deportation hearing by his former attorney or any other source, and did not learn of the fact the hearing had been scheduled and taken place, until he received a notice of the in absentia order of deportation issued by the Immigration Judge. He provided an affidavit in support of the motion, informed his former attorney of making a claim of ineffective assistance of counsel against him, and provided evidence that he had filed a grievance against that counsel with the State Bar of Georgia.

We have held that when an attorney fails to provide proper notice to his client, such nonfeasance or misfeasance may amount to ineffective assistance of counsel, which constitutes "exceptional circumstances" within the meaning of section 242B(c)(3)(B) of the Act. *See Matter of Grijalva*, 21 I&N Dec. 472 (BIA 1996) (finding that a respondent who did not receive proper notice from his attorney and who has complied with the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988), has established ineffective assistance of counsel based on "exceptional circumstances"). In *Matter of Lozada*, we required the respondent to demonstrate — over and above malfeasance or nonfeasance on the merits — the terms of his agreement with his attorney, that he notified the attorney of his complaint, and that he filed a grievance with the State licensing entity or provided an explanation for not doing so ("*Lozada* test").

In the instant case, the "*Lozada* test" appears to have been satisfied. Furthermore, the Board has ruled that reopening of deportation proceedings is required when, because of ineffective assistance of counsel, "the alien was prevented from reasonably presenting his case." *Matter of Lozada, supra*, at 638. Moreover, even if notice to the respondent's attorney is pre-

sumed to be adequate notice to him, the facts of this case rebut such a presumption. *Matter of Grijalva*, 21 I&N Dec. 472 (BIA 1995) (recognizing that provision of notice might be challenged on the basis that notice was never received); *see also Matter of N-K- & V-S-,* 21 I&N Dec. 879 (BIA 1997) (finding that failure to provide proper notice constitutes ineffective assistance of counsel on the merits).

Our holding in *Matter of Grijalva*, 21 I&N Dec. 472, — that circumstances in which improper notice from counsel frustrated a respondent's opportunity to appear before the Immigration Judge, demonstrated ineffective assistance of counsel and constituted exceptional circumstances — does not foreclose rescission "at any time" when failure to appear is based on lack of receipt of notice due to ineffective counsel. Similarly, the decision does not prohibit rescission when ineffective assistance of counsel results in counsel's failure to file a timely motion under section 242B(c)(3)(A). *Compare* section 242B(c)(3)(A) of the Act (involving exceptional circumstances, requiring filing of such a motion within 180 days), *with* section 242B(c)(3)(B) (involving failure of proper notice, including no time limitation for filing such a motion).

The propriety of an in absentia deportation order in response to the respondent's failure to appear must be decided within the framework of all of the statutory provisions pertaining to issuance of in absentia deportation orders and related constitutional due process protections.[1] In my view, the majority errs in concluding that, under the terms of the statute, we do not have any latitude to find that an attorney's failure to notify the respondent to appear, followed by his failure to file a timely motion asserting exceptional circumstances attributable to such conduct, constitutes ineffective assistance of counsel amounting to a prejudicial violation of due process.

The circuit courts of appeals that have addressed rescission of a deportation order under section 242B of the Act have indicated a concern with an unnecessarily narrow, literal reading of the statutory in absentia provisions such as that adopted by the majority. *See, e.g., Romero-Morales v. INS*, 25 F.3d 125 (2d Cir. 1994) (finding "disquieting" the Immigration Judge's "failure to examine the particulars of the case before him" in the context of "either issuing the in absentia ruling or denying the motion to reopen"), I see no reason why, under such circumstances, we may not rescind the

---

[1]Deportation proceedings involve the potential deprivation of a significant liberty interest and must be conducted according to the principles of fundamental fairness and substantial justice. *See Landon v. Plasencia*, 459 U.S. 21, 34-35 (1982); *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Bridges v. Wixon*, 326 U.S. 135, 154 (1945) (stating that deportation "visits a great hardship on the individual. . . . Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness."); *see also INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987); *Harisiades v. Shaughnessy,* 342 U.S. 580 (1952); *Ng Fung Ho v. White,* 259 U.S. 276, 284 (1922).

deportation order and reopen the proceedings. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988) (holding that administrative expediency must give way to protection of fundamental rights); *Matter of W-F-*, 21 I&N Dec. 503 (BIA 1996) (Rosenberg, concurring and dissenting).

The right to be present at one's deportation hearing arises from the statutory language and from due process considerations that involve issues of personal liberty.[2] It is difficult to imagine what could be more prejudicial to a respondent charged with being deportable from the United States than denial of an opportunity to be present at his deportation hearing where he might provide any defenses to the charges against him, or advance any claims he may have for relief from deportation. *See* Iris Gomez, *The Consequences of Nonappearance: Interpreting New Section 242B of the Immigration and Nationality Act*, 30 San Diego L. Rev. 75, 107-08 (1993); section 242(b) of the Act, 8 U.S.C. § 1252(b) (1994);[3] *see also Maldonado-Perez v. INS*, 865 F.2d 328, 333 (D.C. Cir. 1989) (holding that the Act implements constitutional requirements of a fair hearing).

I believe that we should allow the respondent's motion based on his attorney's failure to inform him of the time and place of the hearing, which constitutes ineffective assistance of counsel, as well as under a plain reading of the statutory language of section 242B(c)(3)(B) that requires that he *receive* notice. I note that we have statutory authority to grant such a motion "at any time." Section 242B(c)(B)(3) of the Act. In addition, I believe that counsel's failure to file a motion to reopen based on "exceptional circumstances" within the 180-day deadline constitutes ineffective assistance of counsel, and that such interference with the respondent's fundamental due process right to be provided a hearing prior to being deported requires us either to construe section 242B(c)(3)(A) of the statute not to foreclose rescission under such circumstances, or warrants our exercising our authority to achieve an equitable outcome.

I therefore dissent for each of the reasons set forth in the entirety of my dissenting opinion in *Matter of Lei, supra*, pertaining to the statutory construction of section 242B(3)(c)(B), which authorizes rescission when the

---

[2]The right to appear is an essential liberty interest that may attach in the civil context. *See, e.g., Califano v. Yamasaki*, 442 U.S. 682 (1979) (extending the right to an oral hearing to social security overpayment recoupment proceedings); *Morrissey v. Brewer*, 408 U.S. 471 (1972) (applying the right to be present in a parole revocation hearing); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (implying the right to be present in probation revocation proceedings); *Specht v. Patterson*, 386 U.S. 605 (1967) (upholding the right to be present in commitment proceedings).

[3]While section 242B of the Act contains specific provisions allowing an Immigration Judge to conduct a deportation proceeding in absentia, it did not repeal or replace the "reasonable" opportunity to be present found in section 242(b), *See Sharma v. INS*, 89 F.3d 545, 548 (9th Cir. 1996); *Romero-Morales v. INS, supra*.

respondent has not received notice of a hearing at which an in absentia order was entered, and to a reasonable reading of section 242B(c)(3)(A), which authorizes rescission of an in absentia order for "exceptional circumstances." I stress that the later reading is appropriate, despite the fact that the subsection requires that a motion must be filed within 180 days of the in absentia order challenged — when ineffective assistance of counsel results in the failure to file a timely motion under that section.

In addition, the respondent in this case appears to be an asylum applicant, whose application for protection from alleged persecution was referred by an asylum officer and is contained in the record. Consequently, even notwithstanding my disagreement with the majority on the issue of whether we may rescind the in absentia order issued in the respondent's case, I cannot agree that the respondent's appeal is properly resolved by simply affirming the order of deportation. As I have discussed at length in my dissenting opinions in *Matter of J-P-*, 22 I&N Dec. 33 (BIA 1998), *Matter of S-M-*, 22 I&N Dec. 49 (BIA 1998), and *Matter of B-A-S-*, 22 I&N Dec. 57 (BIA 1998), according to the statute, the respondent retains the right to a hearing before an Immigration Judge on the merits of his asylum application. I therefore dissent for the reasons stated in those opinions as well.

Consequently, I find the opinion of the majority to be erroneous and an abuse of discretion on two bases. First, I read the statute as requiring us to rescind the deportation order because the respondent, who did not receive notice in accordance with section 242B(a)(2) of the Act, was denied proper and meaningful notice due to ineffective assistance of counsel, and because I find that ineffective assistance of counsel constituted exceptional circumstances that were responsible for the respondent's failure to file a timely motion to reopen on those grounds. Second, at a minimum, assuming there was a legitimate statutory basis to decline to rescind the in absentia order finding deportability, the statute requires us, nonetheless, to entertain the respondent's application for asylum.

*CONCURRING AND DISSENTING OPINION:* John W. Guendelsberger, Board Member

I concur in part and dissent in part.

I concur with the majority's analysis regarding the respondent's inability to rescind the in absentia order of deportation under section 242B(c)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3)(A) (1994), given the expiration of the 180-day time limitation for such motions. However, I would examine the respondent's eligibility to rescind under section 242B(c)(3)(B), for cases involving lack of notice. Although the applicability of this alternate avenue for rescission is not explicitly raised on appeal, the issue should be addressed, in light of the

respondent's assertion that he never received notice of his hearing.

Section 242B(a)(2)(A) of the Act, which governs the method of providing notice in deportation proceedings, states in relevant part:

> Written notice shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) . . . .

Section 242B(c)(1) of the Act sets forth the circumstances under which a hearing may be held in absentia:

> Consequences of failure to appear.—
>
> (1) In general.—Any alien who, after written notice required under subsection (a)(2) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under section 242, shall be ordered deported under section 242(b)(1) in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is deportable.

In the instant case, the respondent's attorney was given written notice of the respondent's hearing by certified mail, in accordance with subsection (a)(2), Thus, the Immigration Judge properly held a hearing in absentia under subsection (c)(1), as notice was provided to "the alien's counsel of record." However, the fact that notice is provided in accordance with section 242B(a)(2) of the Act does not conclusively resolve the issue of sufficiency of notice for the purposes of reopening to rescind under section 242B(c)(3)(B), That subsection provides, in pertinent part:

> Rescission of order.—Such an order may be rescinded only—
>
> . . .
>
> (B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) . . . .

Notably, while subsection (c)(1) permits a hearing to be held in absentia where an alien fails to attend a proceeding "after written notice required under subsection (a)(2) has been provided *to the alien or alien's counsel*" (emphasis added), section 242B(c)(3)(B) permits an alien to rescind such an order where the alien can demonstrate that "*the alien* did not receive notice in accordance with subsection (a)(2)" (emphasis added). The difference in the statutory language between these two sections is significant. Congress could have used the same wording in both sections, but instead focused only upon *receipt by the alien* for purposes of rescission. This variance in the statutory language demonstrates that Congress intended for the alien, as opposed to the alien's counsel as agent, to have notice of his or her hearing for purposes of rescinding under section 242B(c)(3)(B). *See, e.g., INS v.*

*Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) (applying the principle of statutory construction that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion). Therefore, even where the respondent's attorney is served with notice in accordance with subsection (a)(2), which is sufficient notice under subsection (c)(1) for purposes of conducting a hearing in absentia, the alien should still be permitted to rescind the order under subsection (c)(3)(B) upon demonstrating that "the alien did not receive notice."

Our decision in *Matter of Grijalva*, 21 I&N Dec. 27 (BIA 1995), involved a similar issue of lack of notice under section 242B(c)(3)(B) of the Act. In that case, the alien was served notice in accordance with section 242B(a)(2), by certified mail to the alien's last known address. The certified mail return receipt was returned as unclaimed, following notices of certified mail provided to the alien by the United States Postal Service. The Board held that where service of a notice of hearing in deportation proceedings is sent by certified mail through the United States Postal Service, and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises which may be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service. The alien asserted that he never received the notice of hearing or the notices of certified mail from the Postal Service, and we remanded the case to allow the alien an opportunity to demonstrate nondelivery or improper delivery of the notice, through no fault of the alien. *Id.* at 37.

Although *Matter of Grijalva, supra,* involved service of written notice directly upon the alien, a similar opportunity to demonstrate nondelivery should be available in the situation presented in the instant case, in which written notice is mailed to the alien's attorney. Specifically, the alien should be allowed to demonstrate that his or her counsel failed to convey the notice of hearing to the alien.

Furthermore, this approach is not inconsistent with the regulation regarding representative capacity. That regulation, found at 8 C.F.R. § 292.5(a) (1997), provides in pertinent part that "[w]henever a person is required . . . to give or be given notice . . . such notice . . . shall be given by or to . . . the attorney or representative of record, or the person himself if unrepresented." This provision merely indicates *to whom* service is to be made and does not address whether such service is sufficient notice to the alien to preclude rescission under section 242B(c)(3)(B) of the Act.

Thus, while the Immigration Judge properly held an in absentia hearing, in light of the evidence that notice in accordance with subsection (a)(2) had been provided to the respondent's counsel, the respondent should not be precluded under subsection (c)(3)(B) from reopening and rescinding if he can establish lack of actual notice by showing that his attorney did not,

in fact, communicate the notice of hearing to him, and that he therefore did not "receive notice" of his hearing. *See Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988) (prescribing standards for establishing ineffective assistance of counsel). Section 242B(c)(3) does not specify a 180-day limit upon such a motion if the alien demonstrates that he did not receive notice of the hearing.

*DISSENTING OPINION:* Paul W. Schmidt, Chairman

It is undisputed on this record that the respondent's former attorney failed to give him actual notice of his deportation hearing and that counsel himself failed to attend that hearing. Under these circumstances, I believe that there are due process difficulties with concluding that notice to counsel constituted notice to this respondent.

I believe that when Congress specified under section 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b (1994), that notice to an alien's counsel is sufficient, it was based on the reasonable assumption that counsel would carry out his or her professional obligation to make reasonable efforts to notify the client of the hearing date. In other words, Congress believed that notice to counsel would constitute *effective* notice to the alien. In this case, prior counsel failed to carry out his duty.

Although I am aware that another panel of this Board reached the opposite conclusion on March 7, 1996, I would rescind the order of deportation in this case on the ground that the respondent never received effective notice of his deportation hearing. The time limits cited by the majority do not apply to rescission based on lack of notice. Section 242(B)(3)(B) of the Act. Therefore, this case should be reopened for lack of notice under section 242B.

Although not necessary for me to resolve this case, I also disagree with the majority's reliance on the 180-day rule as an absolute bar to reopening based on a claim of ineffective assistance of counsel under *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988), The respondent's *Lozada* claim is that his former counsel's mishandling of this case not only caused him to miss his deportation hearing but also precluded him from meeting the 180-day deadline. Assuming that this is true, failing to reopen this case would raise serious constitutional due process issues. *Cf. Romano-Morales v. INS*, 25 F.3d 125 (2d Cir. 1994) (cautioning against overly mechanical application of section 242B). To avoid those serious issues, I would reopen this case sua sponte under 8 C.F.R. § 3.2(a) (1997) even if I found that legal notice had been provided. *See Matter of J-J-,* 21 I&N Dec. 976 (BIA 1997) (stating that the Board may reopen on its own motion in exceptional circumstances).

For the foregoing reasons, I dissent from the decision to deny the respondent's motion.

*DISSENTING OPINION:* Gustavo D. Villageliu, Board Member

I respectfully join the dissents of Chairman Paul W. Schmidt and Board Members Lory D. Rosenberg and John W. Guendelsberger. I agree with their conclusion that section 242B(c)(3)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(3)(B) (1994), allows rescission of an in absentia deportation order at any time if the alien demonstrates that he did not receive notice of his deportation hearing due to ineffective assistance of counsel.