

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2006

# Acosta v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2827

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Acosta v. Atty Gen USA" (2006). *2006 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2827
_____

JOSE VICENTE ACOSTA,
                                    Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States,
                                    Respondent
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. 74-745-392)
Immigration Judge:  Honorable Esmeralda Cabrera
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2006

BEFORE: McKEE, FUENTES and NYGAARD, CIRCUIT JUDGES

(Filed:  July 25, 2006 )

_____
OPINION
_____

PER CURIAM

    Petitioner, Jose Vicente Acosta, a native and citizen of Honduras, entered the

United States at El Paso, Texas in April 1995 without inspection.  Deportation

proceedings were commenced on October 21, 1996, by the issuance of an Order to Show

Cause. When Acosta, who was represented by counsel, failed to appear for his deportation hearing on July 24, 1997, he was ordered removed from the United States in absentia. On October 17, 2002, more than five years later, Acosta filed a motion to reopen. Acosta argued that a reopening of the proceedings was warranted because his attorney failed to inform him of his hearing date prior to the actual day of the hearing. Petitioner further argued that in October 1997, five months after getting married, his wife filed a petition for adjustment of his status to that of permanent resident, and thus he was entitled to an adjudication of the Petition for Alien Relative as well as the Application to Adjust status that he filed in September 2002.

The Immigration Judge ("IJ") concluded that Acosta failed to establish that he did not receive proper notice of his hearing date given the fact that the Order to Show Cause was personally served on him, and further given that notice of the July hearing was provided to his attorney on June 20, 1997. Additionally, the IJ noted that Acosta failed to provide the court with any changes or corrections to his address as required by 8 C.F.R. § 3.15(d)(2). The IJ likewise rejected Acosta's attempt to have the proceedings reopened on account of counsel's alleged ineffective representation, having concluded that Acosta's motion was not filed within the 180 day limit imposed by INA § 240(b)(5)(C)(i), [8 U.S.C. § 1229a(b)(5)(C)(i)] and 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), and, moreover, that petitioner provided no evidence of his efforts to comply with the requirements outlined in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), as modified by Lu v. Ashcroft, 259 F.3d 127 (3d Cir. 2001). The IJ thus denied Acosta's motion to reopen.

2

On appeal to the Board of Immigration Appeals ("BIA'), Acosta argued that: 1) the IJ erred in failing to reopen the proceedings on the basis of the BIA's holding in Matter of Velarde-Pacheco, 23 I&N Dec. 253 (BIA 2002); 2) the IJ erred in failing to consider the hardship that would befall Mrs. Acosta given her medical problems and the length of delay in having the Petition for Alien Relative acted upon; and 3) the requirements of Lozada had since been complied with and warranted a reopening of the proceedings. The BIA, however, adopted and affirmed the decision of the IJ. The BIA agreed with the IJ's determination that Acosta's reopen motion was untimely, having been filed more than 180 days after issuance of the July 24, 1997 final order. Moreover, relying on its decisions in Matter of A-A, 22 I&N Dec. 140 (BIA 1998), and Matter of Lei, 22 I&N Dec. 113 (BIA 1998), the BIA concluded that a claim of ineffective assistance does not constitute an exception to the 180-day time limit under INA § 242B(c)(3)(A).

The BIA likewise rejected Acosta's contention that a reopening of the proceedings was warranted given his eligibility for an adjustment of status based on his marriage to a U.S. citizen, since his motion was not timely filed under the general time limitations governing motions to reopen.[1] See 8 C.F.R. §§ 1003.2(c)(2) and 1003.23(b)(3). That same reasoning was applied to deny consideration of his reopen motion filed pursuant to

---

[1] The BIA thus declined to address the issue of whether Acosta was prima facie eligible for relief from removal, or whether he would deserve a favorable exercise of discretion.

Matter of Velarde. The BIA noted that one of the requirements set forth in Matter of Velarde, is a timely filed motion, i.e., a motion to reopen filed within 90 days of the IJ's in absentia order. This timely petition for review followed. Respondent has filed a motion seeking to have the BIA's decision summarily affirmed.

After careful review, we will summarily deny the petition for review as no substantial question is presented by Acosta's petition. See 3d Cir. LAR 27.4 and I.O.P. 10.6. As the Supreme Court has stated, the regulations "plainly disfavor" motions to reopen. INS v. Abudu, 485 U.S. 94, 110 (1988). We review the denial of a motion to reopen with "broad deference" to the agency's decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Acosta must show that the BIA's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). Acosta has failed to make such a showing. As respondent points out, Acosta offers nothing to support the contention that the BIA erred in affirming the IJ's decision denying his motion to reopen the in absentia proceedings or that it abused its discretion by failing to grant his motion to reopen proceedings to apply for adjustment of status. The petition for review could, of course, be denied on that basis alone. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (It is well settled that if an appellant fails to set forth the issues raised on appeal and to present an argument in support of those issues in his opening brief, the appellant normally has abandoned and waived those issues on appeal and they need not be addressed by the court of appeals.).

Even if we were to conclude that, with a very liberal construction of Acosta's brief, such a challenge were raised, we would nonetheless find it meritless. As the IJ noted, since counsel of record received notice of the July 24, 1997 removal proceeding, petitioner was deemed to have received actual or constructive notice. See 8 C.F.R. § 292.5(a) [now located at 8 C.F.R. § 1003.15(d)(2)] (notice to an attorney of record constitutes notice to the alien). Thus, the BIA correctly concluded that petitioner was required to file a motion to reopen to adjust status within 90 days of the final order of removal pursuant to 8 C.F.R. §§ 1003.2(c)(2) and 1003.23(b)(3). Further, as the Board noted, Acosta was not eligible for relief under Velarde. A motion to reopen for adjustment of status based on a marriage entered into after the commencement of removal proceedings must be, inter alia, timely filed. Velarde, 23 I&N Dec. at 256.

As for any contention that proceedings should be reopened to allow petitioner to rescind the in absentia order on the basis of exceptional circumstances, i.e., because of counsel's dereliction in failing to provide him advance notice, his motion to reopen still had to have been filed within 180 days. See INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. §§ 1003.23(b)(4)(iii)(A)(1). Exceptional circumstances are only relevant if the motion is timely filed. Id. Accordingly, despite any subsequent compliance with Lozada, petitioner's motion to reopen was nonetheless filed beyond the permissible 180 day period. Moreover, even assuming arguendo that the 180-day period for filing a motion to reopen to rescind an in absentia removal order is subject to equitable tolling, no such argument is available to Acosta as petitioner himself stated in his

5

affidavit that he spoke with his attorney on the day of his removal hearing, see Admin. Rec. 59, and that he and his wife talked to his attorney about "chang[ing] the deportation order and transfer[ring] the case back to Michigan." Id. at 57. It therefore appears that petitioner did not exercise due diligence, and that he had ample time to file a reopen motion within the 90 day time frame for adjustment of status or within the 180 day period to seek a rescission of the in absentia order.

We will thus grant respondent's motion and summarily deny the petition.