**Margarita MAXIMTCHOUK, a/k/a Margarita Moshkovich, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–2895.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 10, 2010.

Opinion filed: Feb. 19, 2010.

---

Margarita Maximtchouk, Encino, CA, pro se.

Kevin J. Conway, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Margarita Moshkovich [1] petitions for review of a decision rendered by the Board of Immigration Appeals ("BIA") on June 1, 2009. For the reasons that follow, we will deny the petition for review.

### I. *Background*

Because we write solely for the benefit of the parties, we will set forth only those facts necessary for our analysis. Moshkovich is a native and citizen of Moldova. She entered the United States illegally in 1994 and was placed in removal proceedings. Moshkovich then relocated from New Jersey to California. In March 1995, Moshkovich provided the Immigration Court with notice of her change of address

---

1. Petitioner employs her married surname, Moshkovich. For purposes of this opinion, we will do the same.

and requested a change of venue to California. A.R. 95. On April 17, 1995, the Immigration Judge ("IJ") sent a letter to Moshkovich at the California address advising that the change of venue request was defective and that a failure to appear at a scheduled hearing could result in issuance of an *in absentia* deportation order. A.R. 89.

On April 27, 1995, Moshkovich responded to the IJ's letter, again asking for a change of venue. A.R. 105. The IJ responded by sending an order, via certified mail at the California address, informing Moshkovich that the change of venue motion was denied because it was defective. A.R. 83. The order also informed Moshkovich that her hearing was scheduled for June 20, 1995, in Newark, New Jersey, and that a deportation order could issue at that time. *Id.* Moshkovich signed the certified mail return receipt. A.R. 91. The IJ also sent Moshkovich a notice of hearing, stating that the master hearing would take place on June 20, 1995, in Newark, New Jersey. A.R. 94.

Shortly before the scheduled hearing, on June 9, 1995, Moshkovich submitted another motion to change venue, this time through counsel. A.R. 85. The counseled venue motion was also defective. The IJ denied it and sent notice of the denial both to Moshkovich and her counsel. A.R. 84. The IJ's order again stated that the hearing was scheduled for June 20, 1995. *Id.*

Moshkovich failed to appear at the June 20, 1995, hearing. The IJ issued an *in absentia* deportation order. A.R. 78–80. The order reflects that it was sent to Moshkovich's address in California [2] and to her counsel. A.R. 78.

Moshkovich married a legal permanent resident in 2000 and gave birth to a United States citizen child in 2001. In March 2001, her husband filed an I–130 visa petition on Moshkovich's behalf. The petition was approved in January 2008. A.R. 63. Shortly thereafter, Moshkovich and her husband attended an interview with an immigration officer. When the officer discovered the 1995 *in absentia* removal order against her, Moshkovich was arrested and placed under an order of supervision.

In February 2008, Moshkovich filed a counseled motion to reopen with the IJ to seek adjustment of status based upon the approved I–130 visa petition. In her motion, Moshkovich argued that her prior counsel had been ineffective.

The IJ concluded that Moshkovich's motion to reopen was incomplete because she failed to provide an affidavit in support and she did not specify a way in which her prior counsel had been ineffective. Although Moshkovich argued that prior counsel failed to provide the immigration court with the proper change of address form, the IJ noted that Moshkovich's address had been changed with the Immigration Court. The IJ also found that Moshkovich did not explain her delay of more than a decade in pursuing reopening or her failure to appear in person at the June 1995 hearing. Finally, the IJ concluded that the record lacked sufficient evidence to determine whether Moshkovich was *prima facie* eligible for adjustment of status. The IJ therefore denied the motion to reopen.

On June 1, 2009, the BIA affirmed the IJ's decision and dismissed Moshkovich's appeal. Among other things, the BIA concluded that, to the extent Moshkovich claimed her failure to appear was due to exceptional circumstances (*i.e.*, the ineffective assistance of her prior counsel), her

---

**2.** In June 1995, Moshkovich informed the Immigration Court that she had moved to a new California address. A.R. 88. The IJ's deportation order listed both of Moshkovich's California addresses as well as her counsel's address. A.R. 78.

motion to reopen was untimely, *see Matter of A–A–*, 22 I. & N. Dec. 140 (BIA 1998), and her lack of diligence (demonstrated by more than ten years' delay in bringing her motion) did not warrant equitable tolling. The BIA concluded that Moshkovich provided no evidence of ineffective assistance of counsel because her address had been properly changed with the immigration court, and Moshkovich had been sent proper notice of the June 20, 1995, immigration hearing by certified mail to her California address. The BIA agreed with the IJ's conclusion that discretionary *sua sponte* reopening was not warranted. *See* 8 C.F.R. § 1003.2(a).

Moshkovich filed a timely *pro se* petition for review. She has since retained counsel.

## II. *Analysis*

To seek rescission of an *in absentia* removal order, an individual may file a motion to reopen. *See* INA § 240(b)(5)(C) [8 U.S.C. § 1229a(b)(5)(C)]. The motion must be filed within 180 days of the removal order and must demonstrate "exceptional circumstances," unless, *inter alia*, it is based upon lack of notice. *See* INA §§ 240(b)(5)(C)(i), (ii) [8 U.S.C. §§ 1229a(b)(5)(C)(i), (ii)]. This Court reviews the BIA's findings of fact for substantial evidence and the decision to reject the motion to reopen for abuse of discretion. *See Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir.2002). The BIA's decision is entitled to "broad deference," *see Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir.2003), and will be upheld unless it was "arbitrary, irrational, or contrary to law."

*Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). As the Supreme Court has stated, the regulations "plainly disfavor" motions to reopen. *INS v. Abudu*, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

■ Moshkovich contends that the ineffectiveness of her prior counsel was an "exceptional circumstance" warranting reopening. *See* INA § 240(e)(1) [8 U.S.C. § 1229a(e)(1)]. However, her motion to reopen on these grounds should have been filed within 180 days of the IJ's June 23, 1995, removal order. *See* INA § 240(b)(5)(C)(i) [8 U.S.C. § 1229a(b)(5)(C)(i)]. Substantial evidence supports the BIA's conclusion that Moshkovich's February 2008 motion to reopen was untimely. *See* A.R. 04 (BIA Decision at 2).

■ Under certain circumstances, ineffective assistance of counsel may provide a basis for equitably tolling the 180–day limitation period for filing a motion to reopen. However, even without regard to whether her prior counsel was ineffective,[3] the fact remains that Moshkovich hired prior counsel to change the venue of her immigration proceedings in 1995 and did not follow up with prior counsel or the Immigration Court for approximately thirteen years. It is simply unreasonable that she allowed so many years to pass without making any effort to determine the status of her immigration proceedings. The BIA did not err in concluding that Moshkovich's delay of more than a decade before filing her motion to reopen reflects that she did not act diligently and is therefore not entitled to equitable tolling of the limitations period.[4]

---

**3.** The BIA concluded that Moshkovich failed to make a valid claim of ineffective assistance of counsel. *See* A.R. 04 (BIA Decision at 2); *see also Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) (setting forth requirements); *Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001) ("We generally agree that the BIA's [*Lozada* decision] is not an abuse of the

Board's wide-ranging discretion."). Indeed, Moshkovich conceded before the BIA that she did not comply with the requirements for raising an ineffective assistance claim. *See* A.R. 08 (brief to BIA).

**4.** Moshkovich argues that her efforts at contacting the Immigration Court in 1995 reflect

*See* A.R. 04 (BIA Decision at 2); *see also Mahmood v. Gonzales*, 427 F.3d 248, 252–53 (3d Cir.2005) (for equitable tolling, petitioner must demonstrate diligence in pursuing the ineffectiveness of counsel claim).

■ The 180–day limitation period does not apply where a motion to reopen is based upon a lack of notice of the scheduled hearing.[5] *See* INA § 240(b)(5)(C)(ii) [8 U.S.C. §§ 1229a(b)(5)(C)(ii) ] (a motion to reopen based on lack of notice of a proceeding may be filed "at any time"). To establish a lack of notice, Moshkovich would have to overcome a "strong presumption" that she was served effectively. *See Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 278 (3d Cir.2007). The record reflects that the IJ sent notice to Moshkovich's correct California address via certified mail on several separate occasions. *See* A.R. 83, 84, 94. Particularly in light of the signed certified mail receipt, *see* A.R.

91, substantial evidence supports the conclusion that Moshkovich failed to overcome the strong presumption of proper service.[6]

■ Finally, in her opening brief, Moshkovich argues at length that her family will experience hardship if she is deported. While we are sympathetic to the difficulties that deportation may cause to an individual's family members, this does not provide a basis for concluding that the BIA abused its discretion in denying the motion to reopen.[7]

### III. *Conclusion*

For the foregoing reasons, we will deny the petition for review.

---

her "ongoing good faith" and lack of sophistication, *see* Petitioner's Reply Brief at 5–6, and the BIA's failure to more favorably consider these aspects of her claim resulted in an abuse of discretion. We disagree. We see no record evidence of "ongoing good faith" and, even accepting her alleged lack of sophistication, the record reflects that Moshkovich took absolutely no action to learn of the status of her immigration proceedings between 1995 and 2008.

5. In her Reply Brief, Moshkovich argues a lack of notice of the June 1995 order denying her venue motion. *See* Petitioner's Reply Brief at 8. This does not address the issue of notice of the *proceeding* at which she failed to appear. *See* INA § 240(b)(5)(C)(ii) [8 U.S.C. §§ 1229a(b)(5)(C)(ii) ].

6. In her Reply Brief, Moshkovich states that "it is undisputed that the Immigration Court ... mailed the [June 13, 1995 order denying the venue change motion] to Petitioner's old address." Petitioner's Reply Brief at 7; A.R. 84. Even if this is accurate, this does not establish an abuse of discretion because it does not address the fact that the *in absentia* removal order was sent to Moshkovich's old

address, new address, and her counsel's address, *see* A.R. 78, and Moshkovich nevertheless failed to pursue reopening until more than a decade later.

7. We note that Moshkovich has appended various documents to her opening brief that do not appear in the administrative record. As the Government correctly argues, we may not consider the new submissions. *See* INA § 242(b)(4)(A) [8 U.S.C. § 1252(b)(4)(A) ]; *Berishaj v. Ashcroft*, 378 F.3d 314, 328 (3d Cir.2004) ("It is a salutary principle of administrative law review that the reviewing court act upon a closed record."). Accordingly, we have reached our decision by limiting our review to the parties' briefs and the certified administrative record. Moreover, to the extent Moshkovich has offered these documents in an effort to establish the equities in her favor and thereby dispute the BIA's decision to deny discretionary *sua sponte* reopening of her case (an issue that is not clear from her briefs), we lack jurisdiction to review such a claim. *See Calle–Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir.2003) ("[T]his court is without jurisdiction to review a decision declining to exercise [the BIA's *sua sponte* discretion] to reopen or reconsider the case.").