

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2006

# Nawaz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nawaz v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1648.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1648

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3411
_____

MOHAMMED NAWAZ,
                                        Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A29-700-440
Immigration Judge: Honorable Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:  February 2, 2006)

_____

OPINION
_____

PER CURIAM

      Petitioner Mohammad Nawaz, a native and citizen of Pakistan, entered the United

States, according to him, at the Canadian border with New York in 1993.  In September

1998, his status was adjusted to that of lawful permanent resident along with his wife.

However, on July 29, 2002, Nawaz was taken into immigration custody, and, on this same

date, he was personally served with a Notice To Appear, charging him with removability under Immigration and Nationality Act §§ 237(a)(1)(A) and 212(a)(6)(C)(i).

Section 237(a)(1)(A) authorizes removal of an alien who was inadmissible at the time of entry or adjustment of status. 8 U.S.C. § 1227(a)(1)(A). Section 212(a)(6)(C)(i) provides: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i). Nawaz appears to agree that immigration officials gave him some documents in 1993, but the administrative record does not contain a 1993 charging document. The assertion that such a document exists is at the heart of the 2002 Notice to Appear charging Nawaz with illegally obtaining lawful permanent resident status by failing to disclose the 1993 charges.

Nawaz contends that he is eligible for some form of relief, either waiver of inadmissibility or cancellation of removal. On August 8, 2002, at a master calendar hearing, attorneys Amy N. Gell and Ben Lee, of the law firm Gell & Gell of New York City, entered their appearances for Nawaz, and requested that the master calendar hearing be reset to allow them time to prepare. The Immigration Judge granted the request, and reset the hearing for August 15, 2002. That hearing was rescheduled, however, by the Immigration Court when Nawaz' case was transferred to the non-detained calendar.[1]

---

[1] Nawaz was released on bond.

Notice that the August 15 hearing had been rescheduled to September 10, 2002 was mailed to the Gell firm on August 27, 2002.

On September 10, 2002, Nawaz and his attorney failed to appear at the scheduled removal hearing, and the Immigration Judge held an *in absentia* hearing. Later that afternoon, the IJ encountered Mr. Lee in the hallway and told him that he had missed his client's hearing. She then waited 10 days to issue her decision, anticipating that someone from the Gell firm would contact her about the missed hearing, but no one did. Finally, on September 20, 2002, the IJ issued her written decision, finding that Nawaz had been given proper notice of the scheduled September 10 hearing, removability was established on the record in a prior hearing, and his failure to appear constituted abandonment of any application for relief. An order of removal to Pakistan was issued pursuant to 8 U.S.C. § 1229a(b)(5)(A) (authorizing orders of removal *in absentia* after written notice has been provided). It was mailed to Gell & Gell, attorneys of record, on September 23, 2002.

Where written notice has been provided, section 1229a(b)(5)(C)(i) of title 8 provides that, in the case of an order of removal entered *in absentia*, an alien has 180 days to file a motion to reopen that seeks to demonstrate that the failure to appear for a hearing was because of "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). Exceptional circumstances refers to things beyond the control of the alien like "serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1) (parentheticals omitted).

On or about February 21, 2003, and thus five months into the 180-day window, Nawaz, through Mr. Lee, filed a motion to reopen the *in absentia* proceedings. Nawaz, through counsel, asserted that he had no knowledge of any hearing scheduled for September 10, 2002, and Mr. Lee admitted that the information had never been relayed to Nawaz: the Gell office could not locate the notice of hearing that had been mailed to it. On March 19, 2003, the IJ denied the motion to reopen, finding that notice of the hearing properly was mailed to counsel of record and counsel's assertions concerning lack of notice were not credible.

Amy Gell herself then entered an appearance on Nawaz' behalf, and filed a timely appeal with the Board of Immigration Appeals. In a strongly worded statement attached to the notice of appeal, Ms. Gell asserted that her office had *not* received notice of the September 10 hearing. She asserted that, even if a hearing notice was mailed on August 27 for a September 10 hearing, it was not sufficient notice, but, in any case, her office had not received notice. On or about April 28, 2003, Nawaz, acting pro se, withdrew the appeal filed by Ms. Gell in order to pursue an ineffective assistance of counsel complaint against her.

Meanwhile, on April 18, 2003, Nawaz filed a motion for reconsideration pro se with the IJ, alleging ineffective assistance of counsel on the part of Ms. Gell. He claimed that she had failed in her legal obligation to notify him of the September 10, 2002 hearing

date.[2]  A copy of Nawaz' complaint to the state disciplinary board concerning Ms. Gell was attached to the motion.  Among other things, Nawaz asserted that he went to Ms. Gell's office "several times" prior to February 19, 2003 (Affidavit In Support of Motion To Reconsider, at ¶ 6), and no one told him about the removal order.  On February 19, 2003, he signed some papers for Ms. Gell, which she said would be used to reopen his case.

Although Nawaz signed these papers, he claimed not to have learned of the removal order until March 26, 2003.  On that date, Ms. Gell's secretary gave him a copy of the order, which his wife read to him.  Nawaz stated: "After my wife read the Immigration Judge's order and told me all the details, ... I realized Ms. Gell did not honestly inform me about my case status.  She made me believe that my case was still in process because she repeatedly assured me that soon I would receive good news from the government.  I was extremely shocked and disturbed by this horrible news."  (Affidavit In Support of Motion To Reconsider, at ¶¶ 11-12.)

In a June 2, 2003 decision, the IJ treated Nawaz' pro se motion for reconsideration as a second motion to reopen, the claim of ineffective assistance of counsel being a new

---

[2] The Fifth Amendment entitles aliens to due process of law in removal proceedings. Reno v. Flores, 507 U.S. 292, 306 (1993).  Aliens have a constitutional right to counsel based on the Fifth Amendment.  Ponce-Leiva v. Ashcroft, 331 F.3d 369, 374 (3d Cir. 2003).  Fundamental fairness requires that an alien receive notice and an opportunity to be heard, Nazarova v. Immigration & Naturalization Serv., 171 F.3d 478, 482 (7th Cir. 1999), and counsel thus is obligated to notify his or her client, assuming the client can be located, when a removal hearing has been rescheduled.

issue, and denied relief. Noting that second motions to reopen are barred, she nonetheless addressed the merits of the allegations against Ms. Gell. The IJ found that Nawaz' claim that he was unaware of his rescheduled removal hearing and the *in absentia* removal order entered against him was not credible, and thus his failure to appear could not be excused. In short, she believed him to be too sophisticated to have failed to ascertain on his own, without the assistance of counsel, the status of his removal proceedings. Specifically, the IJ did not believe that Nawaz tried repeatedly to contact Ms. Gell prior to February 19, 2003, and she blamed him for being difficult to locate.[3]

Represented by new counsel, Mr. Richard Chen, Nawaz appealed the IJ's June 2003 decision. On April 19, 2004, the BIA dismissed the appeal without reaching the "exceptional circumstances" determination. The BIA found that proper notice of the scheduled hearing was provided to Nawaz' attorney of record, Ms. Gell, on August 27, 2002, in accordance with INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A); see also 8 C.F.R. §§ 292.5(a) (2004), 1003.26(c)(2) (permitting notice to counsel of record), and thus Nawaz had constructive notice. The BIA also concluded that, because Nawaz submitted new documents in support of a claim of ineffective assistance of counsel, the motion was properly construed as a prohibited second motion to reopen pursuant to 8 C.F.R. § 1003.23(b)(1). It also was untimely under INA § 240(b)(5)(C), because it was filed more than 180 days after the September 20, 2002 *in absentia* order. In reaching this

---

[3] The basis for this latter conclusion does not appear in the IJ's written decision.

6

latter conclusion, the BIA purported to apply circuit precedent, <u>Bejar v. Ashcroft</u>, 324 F.3d 127, 131 (3d Cir. 2003). It also applied two of its own decisions, <u>In re: A-A-</u>, 22 I & N Dec. 140 (BIA 1998), and <u>In re: Lei</u>, 22 I & N Dec. 399 (BIA 1998), which held that ineffective assistance of counsel does not constitute an exception to the 180-day time limit.

Nawaz, through Mr. Chen, moved for reconsideration of this order, asking the BIA, among other things, to re-examine the issues based on the dissenting opinions in <u>A-A-</u> and <u>Lei</u>. He argued, in pertinent part, that his failure to file a motion to reopen alleging ineffective assistance of counsel within 180 days was entirely attributable to ineffective assistance of counsel and administrative delay, and was beyond his control. Five months of the 180-day time period for filing had already elapsed when Mr. Lee filed the first motion to reopen. The IJ then did not render her decision until March 19, 2003, leaving no time remaining in the 180-day window.[4] Nawaz noted that, at no time, did Ms. Gell dispute the fact that she did not timely and effectively notify him of the September 10, 2002 hearing date.

We note that, in dissents in both <u>Lei</u> and <u>A-A-</u>, Board Member Lory D. Rosenberg advocated, among other things, for equitably tolling the 180-day time period for filing a motion to reopen *in absentia* proceedings, where an attorney who was sent notice in accordance with the regulations, fails to advise the alien of the time and date of the

---

[4] Nawaz' April 18, 2003 filing was late by about 30 days.

hearing.  In Lei, the Immigration Court on its own had rescheduled the hearing, as it did here.  She also expressed the view that ineffective assistance of counsel constitutes an exceptional circumstance excusing a failure to appear.

On July 22, 2004, the BIA denied reconsideration on the ground that Nawaz had not alleged an error of fact or law that would warrant reconsideration, 8 C.F.R. § 1003.2. Nawaz filed a petition for review on Monday, August 23, 2004.  He has argued in his brief on appeal that his April 18, 2003 pro se motion for reconsideration, alleging ineffective assistance of counsel, is not numerically barred, that he was the victim of his attorney's substandard conduct, and that such conduct constitutes an exceptional circumstance excusing his failure to appear.  The Attorney General has argued that we cannot reach these questions because Nawaz' petition for review is timely only as to the July 22, 2004 decision.

We agree that we review only the BIA's July 22, 2004 decision denying Nawaz' motion for reconsideration.  Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995).  "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."  8 C.F.R. § 1003.2(b).  By citing the dissents in Lei and A-A-, Nawaz contended that the BIA committed an error of law in its April 19, 2004 decision. Although generally we review the denial of a motion for reconsideration for abuse of discretion, Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002), we find it unnecessary to reach that issue at this time.

8

We will grant the petition for review, vacate the July 22, 2004 decision, and remand the matter to the Board of Immigration Appeals for reconsideration of its April 19, 2004 decision, because, in applying circuit precedent and concluding that Nawaz' April 18, 2003 motion for reconsideration was an untimely motion to reopen under 8 U.S.C. § 1229a(b)(5)(c)(i), the BIA did not have the benefit of our subsequent decisions, Mahmood v. Gonzales, 427 F.3d 248 (3d Cir. 2005), and Borges v. Gonzales, 402 F.3d 398 (3d Cir. 2005), clarifying Bejar, 324 F.3d 127.  In short, Bejar "does not suggest that ineffective assistance is not a possible basis for tolling [because] the deadlines are subject to tolling in at least some circumstances." Mahmood, 427 F.3d at 251.

In Borges, we held that the section 1229a(b)(5)(C)(i) deadline of 180 days is analogous to a statute of limitations, and, thus, is subject to equitable tolling.  402 F.3d at 406.  The alien in Borges alleged that he had been defrauded by his attorney.  The attorney misled him about the status of his case, and kept him from discovering that he remained under an *in absentia* order.  We held that the 180-day time period does not begin to run until the fraud is discovered, and granted the petition for review and remanded, directing the BIA to determine whether a fraud had been perpetrated on the alien, causing the *in absentia* order to issue.  If so, the 180-day period for filing a motion to reopen should be equitably tolled.  Id. at 407

In Mahmood, the alien alleged that his attorney failed to notify him of the immigration judge's *in absentia* adverse ruling.  We denied the petition for review because of a lack of diligence on the alien's part in pursuing his motion to reopen, 427

9

F.3d at 252-53, but we found Bejar distinguishable for reasons that would apply here. We explained:

> [U]nlike the alien in *Borges*, who alleged that he had been defrauded by an attorney and the attorney's paralegal, Mahmood alleges that his attorney failed to notify him of the IJ's adverse ruling. At first glance, these allegations appear to be similar to those at issue in *Bejar*.... [However], *Bejar* is distinguishable. Unlike Mahmood, Bejar contributed to her lack of notice by moving residences and failing to provide counsel with her new address. Moreover, counsel's receipt of the notice was undisputed in *Bejar*. Here, [the attorney's] letter (claiming he received no notice) is in tension with the BIA's finding that notice was sent.... [I]t is possible that [the attorney's] failure to forward notice to Mahmood was the result of his or his staff's mishandling of the letter, perhaps through mere inadvertence or perhaps through gross deficiencies in his office's administrative procedures. It also [is] possible, as Mahmood asserts, that [the attorney] received the notice, never forwarded it to him, and then made misrepresentations to him and the Court by claiming he [the attorney] had never received it. Even worse, [the attorney] may have agreed to represent Mahmood (and accepted payment) without intending ever to represent his client adequately.

Mahmood, 427 F.3d at 251-52 (footnote omitted).

On remand, the BIA should, applying Borges and Mahmood, as well as Bejar, reconsider its analysis of Nawaz' assertions that, through no fault of his own, he was deprived of further proceedings in his case. The BIA need not reconsider its determination that proper notice of the scheduled removal hearing was provided to Nawaz' attorney of record in accordance with 8 U.S.C. § 1229a(b)(5)(A), and that neither Nawaz nor his attorney appeared for the hearing.

In view of the fact that we are requiring further proceedings, the BIA also should take into consideration subsequent developments, specifically, the November 30, 2004 decision of the Departmental Disciplinary Committee of the New York Supreme Court,

10

Appellate Division, First Judicial Department, which we will, on our own, add to the record, see Borges, 402 F.3d at 409; cf. Fed. R. App. Pro. 16(b).[5]

Under our subsequent decisions in Borges and Mahmood, if Nawaz did not discover the *in absentia* order until March 26, 2003, his April 18, 2003 motion for reconsideration, that is, motion to reopen, was timely filed. Furthermore, although an alien may file only one motion to reopen an order entered *in absentia* in removal proceedings, see 8 C.F.R., § 1003.23(b)(4)(ii); but see 8 C.F.R. § 1003.23(b)(4)(iii)(D) (no similar limit in deportation and exclusion proceedings), we will recognize equitable tolling of numerical limits on motions to reopen under the right circumstances just as we recognize equitable tolling of deadlines, Iturribarria v. Immigration & Naturalization Serv., 321 F.3d 889, 897 (9th Cir. 2003). Finally, if by virtue of tolling, his motion to reopen is deemed timely filed and not numerically barred, we have observed that there is no reason to suggest that ineffective assistance of counsel cannot be an extraordinary circumstance excusing a failure to appear. Borges, 402 F.3d at 408.

We will leave the question of whether Nawaz exercised due diligence to the BIA in the first instance. Although ineffective assistance of counsel may provide a basis for tolling and relaxation of the numerical bar, and can be an extraordinary circumstance excusing a failure to appear, an alien still must be diligent in discovering that he has been misled or injured. See Mahmood, 427 F.3d at 252-53. The BIA should have the first

---

[5] This item appears in the Joint Appendix at 70-71.

opportunity to review the IJ's June 2, 2003 findings concerning Nawaz' lack of diligence between August 2002, when he was released from immigration custody, and March 26, 2003, when he says he first learned of the order of removal. We expect that the disciplinary report will have some bearing on the analysis of the IJ's assessment of blame.

We will grant the petition for review and vacate the July 22, 2004 decision, and remand the matter to the Board of Immigration Appeals for further proceedings. The Clerk is directed to forward to the BIA a copy of the two-page item found at pp. 71-72 of the Joint Appendix, which shall be made part of the administrative record.