Eva Cristobal **ZAVALA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–73600.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Dec. 20, 2006.

Reyna M. Tanner, Esq., Gary H. Manulkin, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, John C. Cunningham, Esq., San Francisco, CA, Cindy S. Ferrier, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, REINHARDT, and BYBEE, Circuit Judges.

MEMORANDUM *

Eva Cristobal–Zavala, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen an appeal that the BIA had previously dismissed as untimely. We have jurisdiction pursuant to 8

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1252. We review the BIA's denial of a motion to reopen a removal proceeding for an abuse of discretion. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001). We grant the petition and remand to the BIA.

■ The record demonstrates that, contrary to the BIA's finding, Cristobal–Zavala did "set out ... when she learned that her appeal had been dismissed as untimely." Cristobal–Zavala's declaration stated that upon "receipt of the Respondent's Brief written by Cindy S. Ferrier of the Office of Immigration Litigation" filed on December 11, 2002, her husband "explained to me what happened based on the Brief." This averment informed the BIA of the time when she was alerted to the fact that her appeal may have been dismissed as untimely, although she remained unaware that the notary had committed fraud.

■ Moreover, contrary to the BIA's finding, Cristobal–Zavala did in fact "set out when she engaged current counsel." Her declaration stated that "my new attorney has explained what has happened from start to finish, from the time I filed my asylum to present .... At this time, it has been explained to me that we are seeking a reconsideration of the Board's decision due to Mr. Picasso's failure to properly assist me." Given that Cristobal–Zavala signed the document on September 26, 2003, the temporal reference "[a]t this time" shows that on September 26, 2003 counsel informed her about what had occurred in her case and that it was necessary to file a motion to reopen.

In prior equitable tolling cases involving fraud, we have held that the requisite limitations period does not begin to run until the "the date [the alien] conclusively learned of [the representative's] deficient representation," *Albillo–De Leon v. Gonzales,* 410 F.3d 1090, 1100 (9th Cir.2005),

which often occurs when the alien meets with new counsel and thereby becomes aware of the fraud and the need to file a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003); *Fajardo v. INS,* 300 F.3d 1018, 1022 (9th Cir.2002). Thus, assuming that Cristobal–Zavala acted with due diligence prior to September 2003, the October 9, 2003 motion to reopen was filed well within the 90–day period. *See Iturribarria,* 321 F.3d at 899; *Albillo–De Leon,* 410 F.3d at 1100.

■ We conclude that Cristobal–Zavala exercised due diligence prior to September 2003. Until she received the government's brief in December 2002, Cristobal–Zavala reasonably relied on the notary's assurances that he was handling her claim and that the appeal would succeed. Even after the BIA denied her motion for reconsideration, Cristobal–Zavala agreed to pay the notary more money to file a petition for review with the Ninth Circuit. *Rodriguez–Lariz v. INS,* 282 F.3d 1218 (9th Cir.2002) forecloses the government's argument that Cristobal–Zavala should have known prior to December 2002 that she had received ineffective assistance of counsel because she continued to lose motions and appeals and likely received copies of the adverse decisions. In *Rodriguez–Lariz* we held that "[r]ather than showing a lack of due diligence," equivalent facts "demonstrate[d] that petitioners were taken advantage of by an unscrupulous immigration consultant who persuaded petitioners to pay relatively large sums of money in exchange for faulty and ineffective representation and lied to them about his own defaults." 282 F.3d at 1225; *see also Iturribarria,* 321 F.3d at 899 (stating that, as in *Rodriguez–Lariz,* "Iturribarria understandably relied on [his attorney] to guide him through INS proceedings").

We also reject the government's contention that Cristobal–Zavala failed to exercise due diligence from December 2002 to September 2003. Her declaration states that "[a]fter reading the Respondent's Brief," and becoming suspicious of the notary, "[her] husband tried to hire an attorney to help." Yet, when he attempted to obtain new counsel, "[m]ost of these attorneys told [her husband] they do not handle Ninth Circuit cases and that [Cristobal–Zavala] should return to Mexico." She then contacted Catholic Charities, which referred her to the Law Offices of Manulkin, Glaser, and Bennett, the counsel she engaged in September 2003. These efforts show that Cristobal–Zavala took reasonable steps to discover the fraud and pursue a motion to reopen. Although the process of hiring new counsel to represent her took eight to nine months, we have previously applied equitable tolling for similar lengths of time when due diligence was shown. *See Ray v. Gonzales*, 439 F.3d 582, 589 n. 5 (9th Cir.2006) (discussing *Albillo–De Leon*, 410 F.3d at 1098). Eight months is hardly an unreasonable amount of time for an indigent alien, who had some difficulty reading English, to successfully obtain counsel, given that the attorneys consulted by her husband repeatedly refused to represent her and some suggested that she should go back to Mexico.

For the foregoing reasons, the BIA abused its discretion by concluding that Cristobal–Zavala was not entitled to equitable tolling of the 90–day limitations period and that her motion to reopen was untimely. The BIA, however, has not yet considered the merits of Cristobal–Zavala's motion to reopen, namely whether she received ineffective assistance of counsel. Accordingly, we remand to the BIA to reconsider her motion to reopen consistent with this order.

PETITION GRANTED; REMANDED.