

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# Junaidi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4702

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Junaidi v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1700.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1700

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4702

———

SESAR JUNAIDI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A72-364-197)
Immigration Judge:  Miriam K. Mills

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2007

Before: RENDELL and NYGAARD, Circuit Judges,
and VANASKIE[*], District Judge

(Filed: January 28, 2008)

———

OPINION

———

———

[*]Honorable Thomas I. Vanaskie, United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

VANASKIE, <u>District Judge</u>.

Sesar Junaidi ("Junaidi") petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his untimely motion to reopen removal proceedings. Concluding that the BIA did not abuse its discretion in holding that Junaidi failed to show that his motion should be accepted as timely under equitable tolling principles, we will deny his petition for review.

## I

Junaidi, a citizen and native of Indonesia, arrived in the United States on or about August 21, 1990, as a nonimmigrant visitor authorized to stay no longer than six months. Junaidi remained here after the six-month period expired and never sought reauthorization of his stay or adjustment of his status. Since 1994, Junaidi has maintained a relationship with Amira Fathy ("Fathy"), an Egyptian national. They were married under Islamic law, but not under the law of the Commonwealth of Pennsylvania. They have two United States citizen children – a son, Julian, and a daughter, Jeslyna. Only Julian, though, was born when the removal proceedings were commenced.

On March 31, 2003, Junaidi was issued a Notice to Appear, alleging he was removable under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). <u>See</u> 8 U.S.C. § 1227(a)(1)(B). He admitted the allegations and conceded he was removable. Contending that his removal would work an "exceptional and extremely unusual hardship" on his son, Junaidi applied for cancellation of removal under INA §

2

240A(b)(1), 8 U.S.C. § 1229b(b)(1).[1]

Junaidi retained Prior Counsel to represent him in his pursuit of cancellation of removal. A hearing on Junaidi's application was held October 6, 2004. Junaidi testified that he is Julian's primary caretaker, and that Julian will lose "confidence" in himself if he is separated from his father. Fathy testified that Junaidi and Julian enjoy a close emotional relationship, that Julian would be "devastated" by Junaidi's departure, and that he would suffer anxiety and diminished self-esteem. In addition to this testimony, Junaidi introduced into evidence articles describing the attachment theory and the integral role played by a father in the development of a young child. There was, however, no expert testimony regarding the psychological impact on Julian from the separation. The lack of such testimony was noted more than once by the Immigration Judge ("IJ").[2]

---

[1]In addition to showing exceptional and extremely unusual hardship to a qualifying relative, an alien applying for cancellation of removal must show (1) that he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application"; (2) that he "has been a person of good moral character during such period"; and (3) that he has not been convicted of certain enumerated offenses. 8 U.S.C. § 1229b(b)(1)(A)-(C). It is undisputed that Junaidi satisfied these criteria.

[2]The principal basis for Junaidi's motion to reopen was the alleged ineffective assistance of Prior Counsel in not procuring expert evidence on the psychological impact on Julian resulting from Junaidi's removal. Junaidi and Fathy assert that Prior Counsel advised them that expert evidence was unnecessary. Prior Counsel, on the other hand, maintains that she instructed them to take Julian to a therapist well before the hearing date. Instead, Fathy produced numerous articles from the Internet on the attachment theory and the important role played by a father in the development of a young child. As will be explained infra, the dispute concerning Prior Counsel's advice on the need for expert testimony is not relevant to the timeliness of Junaidi's motion to reopen.

In addition to the emotional effect on Julian resulting from Junaidi's removal, the IJ heard testimony about the financial impact of Junaidi's departure and the absence of a stable family safety net for Julian in the Pittsburgh region. During the hearing, Prior Counsel and the IJ discussed the possibility that any separation might be short-lived because Fathy may be able to adjust her status to that of a lawful permanent resident, enabling Junaidi to return to the United States after a period of three years.[3]

The IJ denied the application for cancellation of removal, concluding that Junaidi had failed to prove that Julian would suffer an exceptional and extremely unusual hardship. The IJ also was unpersuaded by Junaidi's argument of economic hardship. While denying the application for cancellation of removal, the IJ granted Junaidi sixty days to depart the United States voluntarily.

Junaidi appealed to the BIA, which affirmed the IJ's decision in a per curiam order issued February 3, 2006. The BIA acknowledged that Junaidi presented a "sympathetic case," but agreed with the IJ that he failed to show Julian would suffer exceptional and extremely unusual hardship.

Following this decision, Junaidi and Fathy met with Prior Counsel. Although she was unable to represent Junaidi in any further proceedings, Prior Counsel assisted him in securing an additional two months within which to depart. Prior Counsel advised Junaidi

---

[3]Junaidi later learned that the information imparted by Prior Counsel concerning the time required for Fathy to adjust her status was incorrect in that the process would be more complicated and time-consuming, thereby resulting in a longer period of separation.

4

about the petition for review process in the Court of Appeals and about the possibility of filing a motion to reopen the removal proceedings. She explained the grounds available to file a motion to reopen were limited to a change in the law or changed circumstances, such as extreme medical emergency. Junaidi and Fathy also allege that Prior Counsel advised them they could file a motion to reopen any time before Junaidi's voluntary departure. Because his time for voluntary departure had been extended to 120 days, it was Junaidi's understanding that he had four months from the final removal order, or until June 3, 2006, within which to file a motion to reopen.

Junaidi did not petition for review of the final order of removal. He did, however, seek an opinion from another attorney as to whether he received a fair hearing and whether he had any options. He met with this attorney in early April, 2006. She advised him that Prior Counsel was incorrect in her statements that Fathy was eligible for adjustment of status. Thus, the period of separation would be longer than contemplated by Junaidi or Prior Counsel. The attorney also reviewed Junaidi's file and concluded there were grounds, other than change in the law or medical emergency, to support a motion to reopen. The attorney, however, could not represent Junaidi, but agreed to help him locate an attorney willing to represent him.

Junaidi does not indicate what advice, if any, he received from this attorney with respect to the deadline for moving to reopen. He does not represent, however, that she told him he had four months within which to file such a motion.

Junaidi eventually secured representation by his current counsel on or about May 12, 2006, after the expiration, on May 4, 2006, of the deadline for moving to reopen. Counsel prepared a motion to reopen premised on Prior Counsel's alleged ineffective assistance during the removal proceedings. Pursuant to In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), counsel hand-delivered to Prior Counsel a letter setting forth the grounds for a motion to reopen and affording her an opportunity to respond. Prior Counsel replied in writing, contesting each alleged instance of ineffective assistance.

Significantly, the letter delivered to Prior Counsel did not list as an instance of ineffective assistance the alleged erroneous advice as to the time within which a motion to reopen had to be filed. Consequently, Prior Counsel was not accorded the opportunity to address this contention.

On May 30, 2006, Junaidi filed with the BIA a motion to reopen his removal proceedings. Although conceding that the motion was untimely, Junaidi argued the ninety-day period to file such motions should be equitably tolled because of Prior Counsel's erroneous advice regarding the time to file a motion to reopen and because Junaidi was unaware of the purported ineffective assistance of Prior Counsel until early April of 2006. Moreover, Junaidi argued he exercised due diligence in pursuing the motion and filing it less than one month after the expiration of the filing deadline.

On October 6, 2006, the BIA denied Junaidi's motion as untimely, finding that equitable tolling was not warranted. The BIA also determined that, even assuming

6

Junaidi's motion was timely, his claim that Prior Counsel rendered ineffective assistance during the removal proceedings lacked merit. Junaidi then timely filed a petition for review in this Court.

## II

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We view motions to reopen final orders of removal "with strong disfavor." Zheng Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005). As we observed in Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001), "we review the BIA's decision to deny reopening for abuse of discretion, mindful of the 'broad' deference that the Supreme Court would have us afford." "[T]he abuse-of-discretion standard applies to motions to reopen 'regardless of the underlying basis of the alien's request [for relief].'" INS v. Doherty, 502 U.S. 314, 323 (1992) (quoting INS v. Abudu, 485 U.S. 94, 99 n.3 (1988)). We will set aside the BIA's denial of a motion to reopen "only if it was 'arbitrary, irrational, or contrary to law.'" Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (quoting Jian Lian Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

Junaidi argues that the BIA abused its discretion by refusing to equitably toll the ninety-day period to file motions to reopen. He contends, as he did before the BIA, that the ninety-day period should be equitably tolled for two reasons. First, Prior Counsel rendered ineffective assistance by leading him to believe that he had four months within which to file a motion to reopen. And second, Junaidi was unaware of the grounds for his

7

motion – Prior Counsel's ineffective assistance during the removal proceedings – until early April, 2006.

A claim of ineffective assistance of counsel during removal proceedings is a valid basis for a motion to reopen removal proceedings. Xu Yong Lu, 259 F.3d at 132. Subject to certain exceptions inapplicable here, an alien has ninety days from the date of the final administrative decision to file a motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Equitable tolling allows a filing deadline to be extended when a party has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). Equitable tolling, however, must be applied cautiously to avoid circumvention of congressional intent in establishing filing deadlines. See Longenette v. Krusing, 322 F.3d 758, 767 (3d Cir. 2003).

In Mahmood v. Gonzales, 427 F.3d 248, 251 & n.7 (3d Cir. 2005), we held that equitable tolling may apply to the ninety-day period of 8 U.S.C. § 1229a(c)(7)(C)(i). We have also recognized that fraudulent conduct or ineffective assistance of counsel can serve as a basis for equitable tolling, i.e., can prevent the alien from filing in a timely manner such that equity warrants tolling the limitations period. See id. at 251-52; Borges, 402 F.3d at 406. We have also held that the procedural requirements for ineffective

assistance claims announced by the BIA in <u>Lozada</u>, 19 I. & N. Dec. at 639,[4] apply where equitable tolling is sought on the basis of ineffective assistance of counsel. <u>Xu Yong Lu</u>, 259 F.3d at 134-35.

In this case, the BIA found it significant that Junaidi failed to inform Prior Counsel of the alleged ineffective assistance pertaining to the filing deadline. The BIA found that, under the circumstances, there was no adequate basis for tolling the 90-day filing deadline. We find no abuse of discretion in this determination. In this regard, we have sustained the BIA's denial of a motion to reopen where the alien has failed to comply with the procedural requirements of <u>Lozada</u>. <u>See, e.g.</u>, <u>Mudric, v. Attorney Gen.</u>, 469 F.3d 94, 100 (3d Cir. 2006); <u>Xu Yong Lu</u>, 259 F.3d at 134-35. Contrary to Junaidi's contention, an alien who seeks to rely upon ineffective assistance of counsel to toll a filing period must satisfy the <u>Lozada</u> requirements with respect to that particular ineffective assistance claim. <u>See</u> <u>Adembuh v. Mukasey</u>, No. 07-1330, 2008 WL 80162, at *1 (4th Cir. Jan. 7, 2008) (circumstances excusing the failure to meet a filing deadline include ineffective assistance of counsel, "'provided that' the alien complies with the [<u>Lozada</u>] requirements"); <u>Xu Yong Lu</u>, 259 F.3d at 134-35 (finding that it was reasonable for the BIA to apply <u>Lozada</u> where the alien sought equitable tolling based upon counsel's alleged failure to file an appeal).

_____

[4]Under <u>Lozada</u>, an alien must, <u>inter alia</u>, inform former counsel of the allegations of ineffective assistance and afford counsel an opportunity to respond. <u>Lozada</u>, 19 I. & N. Dec. at 639 .

That Junaidi may have satisfied the <u>Lozada</u> requirements as to the alleged ineffective assistance of Prior Counsel during the removal proceedings is irrelevant to the issue of equitable tolling. None of the alleged instances of ineffective assistance purportedly occurring during the removal hearing precluded Junaidi from filing a motion to reopen in a timely manner. It is not any claim of ineffective assistance that will warrant equitable tolling; only those ineffective assistance claims that relate to the alien's ability to meet a filing deadline can justify equitable tolling. <u>Cf.</u> <u>Adembuh</u>, 2008 WL 80162, at *1 ("Extraordinary circumstances are events or factors directly related to the failure to meet the 1-year deadline and may include ineffective assistance of counsel. . . ." (quotation marks omitted)). Otherwise, the deadline for moving to reopen would be meaningless, and the only issue would be whether the alien had acted diligently to discover the grounds for an ineffective assistance claim. Our equitable tolling cases, however, require a showing of both extraordinary circumstances that prevented a timely filing <u>and</u> due diligence. <u>See, e.g.</u>, <u>Mahmood</u>, 427 F.3d at 252 (although attorney's conduct, if substantiated, afforded a basis for equitable tolling, alien's lack of due diligence compelled denial of relief).[5]

---

[5]The non-precedential opinions upon which Junaidi relies to argue that the period for moving to reopen was tolled until he learned of the grounds for an ineffective assistance claim pertaining to the conduct of the removal proceedings are distinguishable. In <u>Nawaz v. Attorney Gen.</u>, 165 F. App'x 193. (3d Cir. 2006), the alleged ineffective assistance of counsel supporting the equitable tolling argument related to the timeliness of a motion to reopen, <u>i.e.</u>, the alien claimed that counsel had failed to inform him of the entry of an <u>in</u>

(continued...)

10

In this case, Junaidi, by failing to accord Prior Counsel an opportunity to respond to the allegation that she had misled him as to the filing deadline, foreclosed consideration of ineffective assistance of counsel as a justification for equitable tolling. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

### III

For the reasons stated, we will DENY Junaidi's Petition for Review.

_____

(...continued)
absentia order of removal.  Similarly, Zavala v. Gonzales, 213 F. App'x 594. (9th Cir. 2006), involved a claim that the alien had been fraudulently deceived into believing that a timely filing had been made on her behalf.  Junaidi has not cited, and our research has not disclosed, any case where equitable tolling was granted on the basis of an ineffective assistance claim that did not relate directly to the alien's ability to comply with a filing deadline.